ANSTEAD, Judge.
This is an appeal from a final judgment denying the appellants a refund of their deposit moneys paid toward the purchase of condominium units from the appellee. We reverse.
The appellants sought recovery of the refunds under the authority of Section 711.-24(2), Florida Statutes (1970) which was in effect at the time the purchase agreements were executed:
All of the information required by subsection (1) which is available at the time shall be furnished to the prospective buyer prior to execution of the contract for sale. Thereafter, no changes or amendments may be made in any of the items furnished to the prospective buyer which would materially affect the rights of the buyer or the value of the unit without obtaining the approval of the buyer. If all of the information is not available at the time of execution of the contract for sale, then the contract shall provide that it shall be voidable at option of the buyer at any time up until fifteen days after the last item of required information is furnished to the prospective buyer, which latter act shall occur no later than ninety days prior to the closing of the sale. Failure on the part of the seller or his agent to make full disclosure as required herein shall entitle the buyer to rescind the contract for sale at any time prior to closing of the contract and to receive a refund of all deposit moneys paid with interest thereon at the highest rate then being paid on savings accounts, not inclusive of certificates of deposit, by savings and loan associations in the area in which *985 the condominium property is located. (Emphasis supplied)
Subsection (1) of. 711.24 relates to the condominium documents setting out the various rights and liabilities of the parties in the condominium property.
At trial the appellants were able to establish that numerous changes and amendments had been made in the condominium documents after the documents had been furnished the appellants and without their approval. The changes, as paraphrased by appellants in an appendix to their briefs, include:
1. A portion of the land described in the original documents (those furnished Appellants) as included in the property to be declared condominium was by the recorded documents removed from the condominium and included in and as a-recreation lease area. The subject portion of the land is described as “that portion Section 29, Township 47 South, Range 43 East, lying West of and abutting upon the said above-described 197.92 feet in Section 28, and extending westward therefrom to the shores of Lake Boca Raton, less the right-of-way of State Road No. 140 (Ocean Boulevard), Palm Beach County, Florida, and lying East of the East right-of-way line of State Road A-I-A.”
2. The recorded Declaration added Paragraphs 2.7, 2.9, 2.10, 2.12 and 2.13, and Paragraph 3.4(b), none of which appeared in the original documents. As a result of these changes, the limited common element rights of owners were materially altered and redefined.
3. The original documents, in Paragraph 3.5(d), required that the Appellee construct certain tennis, marine and garden facilities on the 99-year ground lease area. This obligation was eliminated in the recorded documents. The ground lease does not identify in any way the improvements to be provided on the ground leased area.
4. The description of boundaries of individual condominium units, set forth in Paragraphs 3.7(a) and (b), and 5.1(a)(1), differ from those provided in the original documents. Particularly, the omission of the words “except interior surfaces” from Paragraph 5.1(a)(1) results in owners becoming individually obligated for maintenance responsibilities which would have been obligations of the Association under the original documents.
5. Paragraph 6.1 of the recorded documents exempts mortgagees from payment of certain common expenses. Those necessarily having to be paid by the remaining unit owners, this change from the original documents exposes unit owners to increased operating costs.
6. Paragraph 6.3, second to last sentence, of the recorded documents grants the Appellee-Developer the right to avoid payment of common expenses. This is an apparent effort to take advantage of Section 711.15(8) of the Florida Statutes, effective October 1, 1974, well after the contracts herein involved. Said Statute specifically applies only if the Declaration of Condominium so provides. The original documents did not so provide; in fact, they affirmatively obligated the developer to pay assessments on apartments it owned in the same manner as any other unit owner.
7. Paragraphs 6.3(a) and (b) of the recorded documents added new provisions increasing the exposure of owners’ units to liens. Such provisions are not in the original documents.
8. Paragraph 6.5 of the recorded documents provides for certain additional collection procedures not set forth in the original documents.
9. Paragraph 10.1(g) of the recorded documents adds a new restriction on use of the unit, limiting the unit owner in the decoration, enclosure or alteration of their units. No such provision appears in the original documents.
10. Paragraph 11.2(4), last sentence, and 11.8 of the recorded documents grant a waiver of resale and leasing approvals which was not set forth in the original documents, thus affecting the rights of unit owners with respect to maintenance *986 of community interest, congeniality and responsibility among unit owners.
11. Paragraphs 11.4 and 11.5 of the recorded documents increases the types of entities permitted to hold mortgages on condominium property; particularly, the developer is added as a permitted mortgagee.
12. Paragraph 7.3 of the recorded documents requires the Association to enter into a management agreement appended thereto as Exhibit H. Nothing similar is required or contemplated in the original documents.
13. Proxy provisions set forth in Paragraph 2.6 of the recorded documents differ from those in the original documents.
14. The By-Laws, particularly Paragraph 2.9 thereof, concerning takeover by . the unit owners have been altered.
15. Paragraph 6.2 of the recorded documents, concerning budget and special limitations on assessments, was substantially altered from similar provisions in the original documents.
16. Maintenance charges as set forth in original budget were increased by the developer.
The appellee successfully contended in the trial court that none of these changes constituted the “real” reason that appellants refused to close and further none of the changes ultimately adversely affected the rights of the appellants. In essence the appellee contended at trial that the appellants had not shown they would have been harmed financially by the various changes made in the, condominium documents if they had gone ahead and purchased the units.
We think appellee’s contention misses the mark of the legislature’s intention in enacting Section 711.24(2). In Sterling Village Condominium, Inc. v. Breitenbach, 251 So.2d 685 (Fla. 4th DCA 1971) this court held that the substitution of glass jalousies for wire screening in a condominium' apartment was a “material” change. Likewise, we find the changes here to be material within the meaning of the act. And further we conclude that it is not proper to determine whether the appellants’ rights were adversely affected by looking at events that occurred subsequent to the time appellants chose not to close. That is, much of the proof of the appellees consisted of showings that eventually most of the deficiencies were resolved so that if appellant had closed everything would have worked out all right. That is not what the statute contemplated when it provided for the right to rescind if substantial changes or amendments are made to the condominium documents. That determination must be made on the basis of the nature of the changes as they existed at the time appellants sought rescission.
 We believe that the legislature intended to give condominium purchasers the right to rescind when any substantial changes- were made in the condominium documents affecting the purchasers’ rights. We conclude that most, if not all, the changes established by appellants materially affected their rights, ranging from their right to decorate the units to their own taste, to their ownership interest in some of the condominium property. See Items 1 and 9, supra. We do not believe the prospective purchasers were required to show an ultimate adverse financial impact by the changes. Indeed the statute itself provides as an alternate ground for relief changes that would materially affect “the value of the unit.”
Accordingly, the judgment of the trial court is reversed with directions that judgment be entered in favor of the appellants in accordance with the terms of this opinion.
DAUKSCH, J., concurs.
DOWNEY, C. J., concurs specially, with opinion.